# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LOUIS BENAVIDES, ROY YOAKEM, and
JEREMY SIBERT, on behalf of themselves
and others similarly situated,**

     **Plaintiffs,**

**v.**                                                       **Case No.:8:05-cv-1536-T-30MSS**

**VELOCITY IQ, INC., and
DAVID WAGNER,**

     **Defendants.**

_____/

## ORDER

**This comes** before the Court for consideration of Defendant, Velocity IQ, Inc.'s (hereinafter "Defendant") Motion to Compel Production of Subpoenaed Documents (Dkt. 13) and Third Party AxxisIT, Inc.'s response in opposition thereto (Dkt. 15).

### I.    Background

Plaintiffs are former employees of Defendant. Plaintiffs filed a suit in this Court alleging that Defendants failed to pay them overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 USC § 201, *et seq*. In its answer, Velocity asserts as an affirmative defense that Plaintiffs were, during their employ, exempt from entitlement to overtime compensation under the FLSA, due to their status as exempt executive, administrative or professional employees.

Defendant has sued Plaintiffs, Roy Yoakem and Louis Benavides individually, as well as AxxisIT, Inc., in state court under a number of different theories, including violations of the Uniform Trade Secret Act, §§ 688.001-009, Florida Statutes. (Dkt. 15 at 2).

In this case, Defendant is asking the Court to issue an Order compelling third party AxxisIT,

Inc. (Plaintiffs' current employer) to produce documents in its possession relating to Plaintiffs.

Specifically, Defendant directed three subpoenas to AxxisIT, Inc. seeking the following documents:

> Any and all documents pertaining to the employment of [Plaintiffs], including but not limited to the following:
>
> 1.   Payroll and earnings records, employment applications, resumes, personnel files, EEO files, disciplinary and termination notices, correspondence and all other related documentation.
> 2.   All documents provided to or made available to AxxisIT customers, potential customers or any other persons or entities regarding the experience, qualifications, education, job duties or responsibilities of [Plaintiffs].
> 3.   All press releases relating to the addition of [Plaintiffs] to AxxisIT staff.

(Dkt. 13 at 2).

Defendant informs the Court that in response, AxxisIT, Inc. asserted, in pertinent part, the following objection:

> In apparent retaliation for the filing of this suit under the FSLA, Defendants have commenced litigation in state court against Louis Benavides, Roy Yoakem and AxxisIT, Inc., asserting numerous claims.
>
> As part of the instant suit, Defendants have served third party subpoenas on AxxisIT, Inc. These third party subpoenas are an attempt to gain information to support the state court litigation and are not reasonably calculated to lead to the discovery of admissible evidence in this litigation.

(Dkt. 13, pp. 2-3).

It its response, AxxisIT, Inc., without the benefit of any legal authority, asserts generally that Defendant's requests are "an improper attempt to gain information to support the state court litigation." (Dkt. 15 at 2). In addition, AxxisIT, Inc. claims that as part of the state court litigation, Defendant, Velocity IQ, Inc. has claimed that its billing practices, costs, pricing and finances are confidential and proprietary information. Thus, AxxisIT, Inc. claims that "it would be unfair to

allow [Defendant, Velocity IQ, Inc.] to utilize this litigation to gather information from a competitor that they claim in another judicial forum is confidential and trade secrets." (Dkt. 15 at 2).

AxxisIT, Inc.'s more specific objections are set forth below.

**Employment Records (Request 1)**

AxxisIT, Inc. claims as to Defendant's request for employment records, "[h]ow or what a subsequent employer paid the plaintiffs has absolutely no relationship with [Defendant's] compliance with the FLSA.  In fact, AxxisIT, Inc. could treat the plaintiffs as slaves, paying them no wages, or executives, with unfettered hiring and firing authority, and it would not impact [sic] in any way on Velocity's obligations under the FLSA." (Dkt. 15 at 3).

**Customer Records (Request 2)**

AxxisIT, Inc. claims that Defendant "seeks all documents provided to AxxisIT, Inc.'s customers and potential customers."  (Dkt. 15 at 3) . AxxisIT, Inc. claims that it is a competitor of Defendant and as a competitor, its "client list could represent a trade secret or confidential business information [that] would be entitled to protection under Florida law."  (Dkt. 15 at 4).

**Press Releases (Request 3)**

AxxisIT, Inc. claims that it issued no press releases related to the hiring of Plaintiffs Yoakem and Benavides, with the sole exception of a reference to their hiring on the AxxisIT, Inc.'s website.

**II.    Discussion**

As a threshold matter, Local Rule 3.01(b) requires, in pertinent part that "[e]ach party opposing any written motion . . . shall file and serve . . . a brief or legal memorandum with citation of authorities in opposition to the relief requested."  Because AxxisIT, Inc's response is completely devoid of any meaningful case law, AxxisIT, Inc. has failed to comply with this

Rule.  In failing to comply, AxxisIT, Inc. has not provided the Court with any case law to

contradict that provided by Defendant. Lack of adherence to the Local Rules usually results in a

filing being stricken.  Future filings that do not adhere to the Local Rules will be stricken

automatically.

Federal Rule of Civil Procedure 26, specifically, Fed. R. Civ. P. 26(b)(1), provides that

parties may obtain, "discovery regarding any matter, not privileged, that is relevant to the claim

or defense of any party . . . ."   The party resisting discovery has the burden to show that the

requested discovery is not relevant and that the production of such discovery would be unduly

burdensome.  Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000).   In addition, as

Defendant states in it Motion to Compel, a Rule 45 subpoena "should be enforced unless it is

clear "that the evidence sought can have no possible bearing on the issues." (Dkt. 13, pp. 3-

4)(citing to Bush Development Corp. v. Harbour Place Associates, 632 F. Supp. 1359, 1364

(E.D. Va. 1986)).

After citing significant case law in support of its position that the documents subpoenaed

are relevant and discoverable, Defendant writes, in summary that

> Here, plaintiffs' resumes, job applications and other documents contained in
> their personnel files with, or similar documents also otherwise provided to,
> their subsequent employer, AxxisIT, Inc., will likely contain party admissions
> regarding plaintiffs' job duties, responsibilities and/or hours worked at
> Velocity - precisely the issues to be litigated in this case.  Similarly,
> documents provided by AxxisIT, Inc., to its customers or potential customers
> regarding plaintiffs' experience, qualifications, education and job duties or
> responsibilities will contain relevant information regarding plaintiffs' job duties
> with defendant; such information will either be in the form of plaintiffs' own
> party admissions or will be based upon information provided to AxxisIT, Inc.,
> by the plaintiffs and therefore will either constitute admissible evidence or will
> lead to the discovery of admissible evidence in this case.  Press releases
> relating to the addition of plaintiffs to AxxisIT, Inc.'s staff will likewise either
> contain party admissions or will be based upon information provided to

4

AxxisIT, Inc., by plaintiffs.

(Dkt. 13, pp. 6-7).

In addition, Defendant informs the Court that the subpoenaed documents may also be relevant for purposes of impeachment or as substantive evidence as prior inconsistent statements of admission. (Dkt. 13, pp.7-8).

**Employment Records**

The Court finds Defendant's arguments as to Request 1 persuasive but its request is too broad. Thus, AxxisIT, Inc. is ordered to produce all payroll and earnings records, employment applications, and resumes of Plaintiffs named in this suit within its current employ. AxxisIT, Inc. shall also produce the employment files of Plaintiffs named in this suit within its current employ, to the extent that there is relevant information contained therein. No further information from Plaintiffs' personnel files must be produced. AxxisIT, Inc. shall also produce the EEO files requested by Defendant. AxxisIT, Inc. does not have to produce the requested disciplinary and termination notices, correspondence or related documentation.

**Customer Lists**

AxxisIT, Inc. has misconstrued Defendant's Request 2 as a broad request for AxxisIT, Inc.'s customer lists. Defendant is not seeking AxxisIT, Inc.'s customer lists. Rather, it is seeking "all documents" provided to or made available to AxxisIT, Inc.'s customers, potential customers or any other persons or entities regarding the experience, qualifications, education, job duties or responsibilities of Plaintiffs. Thus, this is a limited request for material - and the Undersigned finds that the material requested is relevant to this case and that Defendant is entitled to this information. Accordingly, AxxisIT, Inc. is ordered to produce the materials

sought by Defendant in Request 2.

**Press Releases**

AxxisIT, Inc. has informed the Court that it is not aware of any press releases and has called the Court's attention to a reference to the hiring of Plaintiffs Yoakem and Benvinedes on its website. The Court finds AxxisIT, Inc.'s response as to this request sufficient. Thus, Defendant's request that AxxisIT, Inc. produce press releases is denied.

**III. Conclusion**

For the reasons set forth above, Defendant's Motion to Compel Production of Subpoenaed Documents (Dkt. 13) is **GRANTED** in part and **DENIED** in part. AxxisIT, Inc. has ten (10) days from the date of this Order to produce the documents previously requested by Defendant in accordance with this Order.

**DONE and ORDERED** in Tampa, Florida on this 15th day of March 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to: Counsel of Record